**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE No. 23-cv-60936-BLOOM**

JAVIER ISAAC NEPTON,

Plaintiff,

v.

ROBERT RAUSCH,

Defendant.
_____________________________/

**ORDER DISMISSING CASE**

**THIS CAUSE** came before the Court upon a review of *pro se* Plaintiff, Javier Isaac Nepton's Complaint, ECF No. [1], and motion to proceed *in forma pauperis*, ECF No. [3], docketed on May 19, 2023, as well as his Supplement to Complaint, ECF No. [4], docketed on May 23, 2023. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. section 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Moreover, "a district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (citations omitted). This includes the inherent power to dismiss a case. *See id.* And it includes the power to dismiss a case *sua sponte* when the plaintiff fails to comply with procedural rules. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48–49 (1991)). Upon a review of the Complaint, the Court concludes it must be dismissed

because it violates the Federal Rules of Civil Procedure as a shotgun pleading that fails to state a claim for relief.

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citation omitted). Still, a *pro se* party must abide by Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

Plaintiff's Complaint is a "shotgun pleading" that fails to meet the foregoing standards — even under the relaxed pleading standard afforded to *pro se* litigants. There are four types of shotgun pleadings that violate Rule 8(a), Rule 10(b), or both:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each

> cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The "unifying characteristic" of shotgun pleadings is they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

The Complaint falls under the third category of shotgun complaints as it "commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* The Complaint contains a 12-page "Statement of Claim" section; however, it is unclear what claim(s) are being alleged, how many claim(s) are being alleged, and which facts are provided in support. *See* ECF No. [1] at 4–15. Plaintiff attempted to remedy this issue in his Supplement to Complaint. *See generally* ECF No. [4]. Therein, he specifies that he is raising the following five claims for relief: (1) "mental anguish", (2) "willful infliction emt. distress" (*sic*), (3) "defamation of character", (4) "false arrest and wrongful incarceration", (5) "all the other additional sustained severe harm[.]" *Id.* at 2–3.

Nevertheless, Plaintiff fails to adequately link the facts from the Complaint to the individual claims for relief in the Supplement to Complaint. In other words, the Complaint and Supplement fail to give the Defendant adequate notice of the "grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323, and the Court is not required to do Plaintiff's job for him. *See Jones v. N.L.R.B.*, 675 F. App'x 923, 925 (11th Cir. 2017) ("While *pro se* briefs are generally held to a less stringent standard than those submitted by counsel, courts are not required to step into the role of *de facto* counsel."). Finally, Plaintiff's claim for "all the other additional sustained severe harm." ECF No. [4] at 3, must be dismissed as insufficiently plead because it fails to "give the

defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

Accordingly, it is **ORDERED AND ADJUDGED** that this action is **DISMISSED** without prejudice. The Clerk is **DIRECTED** to close the case and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 24, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Javier Isaac Nepton
502000334
Broward County Jail-NBB
North Broward Bureau
Inmate Mail/Parcels
Post Office Box 407037
Ft. Lauderdale, FL 33340
PRO SE